TAYLOR, Judge.
The appellant, Roger Elton Arnold, Jr., was convicted of attempted murder and of burglary. He was sentenced to concurrent terms of life in prison on the attempted murder conviction and of 20 years in prison on the burglary conviction.
*554 The appellant contends that the trial court erred to reversal when it attempted to set aside an earlier order of mistrial in his case. We agree.
The record reflects that this trial began on Monday, February 1, 1993, and continued through that day. The next day, Tuesday, one of the jurors learned that her father had had a heart attack and that she was needed in Memphis, Tennessee. She advised the court of her situation, and the court excused her from service and advised the defendant of his options: to have a mistrial declared or to go forward with the trial with 11 jurors.
“At any stage of a trial then pending, whether the jury has retired or not, the parties may unanimously consent in open court, with legal effectiveness, to the discharge from further duty of any member of the jury trying the case and to a continuation of the trial and the rendition of a verdict by the remaining jurors. A verdict returned by the remaining jurors shall be as valid and as legally effective as if it had been returned by the full jury.”
§ 12-16-232(a), Code of Alabama 1975.
The appellant elected to have a mistrial declared. The court brought the jurors into the courtroom and discharged them from service, stating:
“It is impossible for us to go forward with 11 jurors. Our system requires that 12 jurors hear a criminal case. I am going to declare a mistrial in the case due to this unfortunate happening.
“You are discharged from any further .service in this case. I would ask you to report outside Courtroom Number One for further possible assignment.
“Also, I would ask you not to discuss the facts of this case with any other jurors, okay, any other jurors. You’re free to discuss it with whomever you want, just not any other jurors because they may be called upon to hear the case, okay? ” (Emphasis supplied.)
At some point after the mistrial was declared, an employee of the court administration office told the court that the juror whose father had had a heart attack would be available until Friday. The court indicated that the appellant’s case would be over by Thursday. Nothing in the record indicates how much time elapsed between the declaration of the mistrial and the attempted resurrection of the trial. The court, motivated by a commendable desire to dispatch the public’s business, purported to set aside its order of a mistrial and ordered that the same jurors who had sat on the appellant’s jury and who were still serving as members of the venire for the week be brought back to the courtroom. The appellant’s counsel objected and stated that the jury had “already [been] infected.” The appellant’s counsel also objected that the court had put “artificial limits on the deliberations” by telling them that the case would be over by a certain time.
The court correctly declared a mistrial when one of the jurors notified it of a medical emergency in the juror’s family. Parham v. State, 47 Ala.App. 76, 250 So.2d 613 (1971). Section 12-16-233 states:
“The court or presiding judge in all eases of jury trial may discharge the jury without giving a verdict, with the consent of all parties to the trial or without the consent of the parties, when, in the opinion of the court or judge, there is a manifest necessity for the discharge or when the ends of justice would otherwise be defeated. In all cases in which the jury is discharged without a verdict, a mistrial shall be entered upon the minutes of the court, assigning the reason or cause for the mistrial, and no person shall gain any advantage by reason of such discharge of the jury.”
In accord with § 12-16-233 is Rule 22.3(a), A.R.Crim.P., which states, in pertinent part: “The court shall discharge the jurors when: ... [a] manifest necessity exists for their discharge.”
The trial court erred, however, in attempting to resurrect the trial with the same jurors. After a mistrial was declared, the initial trial was over. The court had specifically told the jurors that they could discuss the case with anyone except other members of the venire who might be selected to hear the ease in the subsequent trial. Such an instruction is opposite the traditional admonitions to jurors that they refrain from discussing the case with anyone. Rule 19.3, A.R.Crim.P.
*555 The jurors were specifically told that they were free to discuss the case with everyone except other veniremembers. It would be normal for people to ask each other about what they had been doing — what kind of case they had heard, what they thought about it, how they would have decided the ease; these would be normal topics of conversation. The jury that convicted the appellant was tainted by this procedure. Did the error “complained of ... probably injuriously affect [the] substantial rights of the parties?” Rule 45, A.R.App.P. We can only answer this question in the affirmative. The “substantial rights” of the appellant were violated. Rule 45, A.R.App.P.
Once a mistrial is declared, the ease is over. The system requires that another trial begin at the beginning. Amendment VI of the United States Constitution guarantees an accused the right to be tried by “an impartial jury.” Article I, § 6, of the Constitution of Alabama 1901 protects this same right. This constitutional guarantee was violated in this ease.
For the foregoing reasons, the appellant is entitled to a new trial. Therefore, the judgment of the trial court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.